**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RIOS GILBERTO WILTRON, AKA
Gilberto Wiltron Rios,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    14-73718

Agency No. A096-551-139

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Rios Gilberto Wiltron, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and protection under the Convention Against Torture ("CAT").  Our jurisdiction is

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

We reject Wiltron's contention that the BIA erred in finding he waived his CAT claim on appeal. *See Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011). We lack jurisdiction to review Wiltron's CAT claim, or his contention that he is a member of a particular social group defined in part by landownership status, because he did not exhaust these claims before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the BIA's conclusion that Wiltron failed to establish a likelihood of future persecution on account of an enumerated ground, including membership in a particular social group. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Wiltron's

14-73718

withholding of removal claim fails.  *See Zetino*, 622 F.3d at 1016.

Wiltron's motion to remand is denied.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**